OPINION
Appellant, Thomas D. Cookingham, appeals a decision of the Ashtabula County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950. On October 20, 1993, appellant was found guilty of two counts of rape, in violation of R.C. 2907.02(A); and one count of aggravated burglary, in violation of R.C. 2911.(A)(3). He was sentenced to serve ten to twenty-five years on each of the rape counts, to be served concurrently with each other, and eight to twenty-five years on the aggravated burglary count, to be served consecutive to the other sentences.
Appellant appealed his convictions to this court, and in State v.Cookingham (Dec. 23, 1994), Ashtabula App. No. 93-A-1836, unreported, 1994 Ohio App. LEXIS 5800, appellant's rape convictions were upheld, but his aggravated burglary conviction was reversed and remanded. Subsequently, the trial court dismissed the aggravated burglary charge upon a motion filed by appellee, State of Ohio.
On September 8, 2000, appellant was found to be a sexual predator. Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred in classifying appellant as a predator without a record of clear and convincing evidence to support the finding.
 "2. The appellant was denied the effective assistance of counsel."
 In his first assignment of error, appellant contends that the trial court erred in determining that he was a sexual predator. He argues that the record does not demonstrate clear and convincing evidence sufficient to support such a finding. We disagree.
R.C. 2950.09(B)(2) provides:
 "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed.;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 R.C. 2950.01(E) defines the term "sexual predator" as "a person who has been convicted of * * * committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender should be labeled a sexual predator must be supported by clear and convincing evidence. Thus, the key issue in making a sexual predator determination is the likelihood of recidivism.
In the instant cause, only two witnesses testified at the sexual predator hearing; appellant, himself, and Dr. John M. Fabian, a psychologist who preformed an evaluation of appellant at the request of appellant, but who testified on behalf of the State of Ohio. Initially, Dr. Fabian testified that appellant presented a high degree of risk for sexual recidivism. Dr. Fabian based his decision on a three-hour interview with appellant, a presentence report, a postsentence report, the police report, and a review of an initial evaluation performed by Gerald Heinbaugh. Additionally, a number of tests were administered to appellant, some by Dr. Fabian, others by Gerald Heinbaugh. These tests included the MMPI-2; Rorschach Ink Blot Test; Minnesota Sex Offenders Tool Revised; Static 99; Hare Psychopathy Checklist Revised; HCR-20; SVR-20; and the Violence Risk Assessment Guide.
Dr. Fabian testified that the two factors most strongly associated with sexual offense recidivism were psychopathy and sexual deviancy. This point was reiterated in the report he presented to the court. Regarding sexual deviance, Dr. Fabian testified that there is no objective measure to accurately gage sexual deviancy but, instead, he assumed sexual deviancy based upon appellant's prior sexual convictions, and the nature of the present offense.
It is clear that the prior convictions which Dr. Fabian relied upon were three adjudications as a minor which appeared in the postsentence report prepared by the probation department. The alleged offenses involved voyeurism, public indecency, and gross sexual imposition. Appellant also had numerous convictions as an adult including indecent exposure in 1986.
From a review of the transcript from the hearing, it is clear that Dr. Fabian relied heavily on his belief that appellant had an extensive record of sexual misbehavior, the majority of which occurred while appellant was a juvenile. Dr. Fabian testified, in part "[t]he juvenile offending behavior started early, actually before adulthood, these are all factors that I believe to be indicative of someone that would be more of a higher risk with reoffending the sexual in nature [sic]." When asked how important these prior sexual offenses were in assessing the risk level of appellant, Dr. Fabian stated:
 "Very important. He started as a well, assuming those offenses occurred, he started sex offending at an early age. And when you use a risk instrument and you have prior convictions, it's a very important factor that is on every risk instrument. These risk instruments use different factors, but they all have one common denominator, and that's prior sex offending. So past behavior predicts future behavior, and that's one of the main issues of a high risk."
 Then Dr. Fabian was asked whether it would have changed his assessment of appellant if, in fact, the juvenile adjudications did not occur. He responded in the affirmative and indicated that appellant would then be only a moderate risk to reoffend rather than a high risk.
In reaching its determination that appellant should be labeled a sexual predator, the trial court stated that it considered all of the statutory factors, in addition to the evidence and arguments presented by the parties. The court stated:
 "The defendant's prior criminal record is extensive. As a juvenile he had adjudications of delinquency based on theft in 1984, receiving stolen property in 1985 and attempted assault in 1985. In regard to the defendant's juvenile record the presentence investigation dated November 3, 1993, also lists adjudications of delinquency based on public indecency, gross sexual imposition, and voyeurism in 1985. A pre-sentence investigation report dated December 10, 1990, omitted these sexually oriented offenses. The defendant denies that he was adjudicated based on voyeurism, public indecency and gross sexual imposition in 1985. The Court will not place great emphasis on these three convictions as there is some issue as to whether or not they exist and the records of Ashtabula County Juvenile Court having been destroyed are not available now to confirm these convictions. The Court does find there are a substantial number of other convictions in the defendant's past."
 The trial court also made the following factual determinations:
 "At the time of the offense, [appellant] was twenty-five (25) years of age and the victim was nineteen (19) years of age. The victim was a young, adult woman who was living alone with an infant child. [Appellant] broke into the victim's apartment, struck her with a small hammer causing two lacerations to her scalp and subsequently threatened her with a knife. [Appellant] was convicted of both anal and vaginal sexual penetration. [Appellant] was not known to the victim at the time of the offenses."
 These factual determinations indicate that the trial court specifically considered the factors set forth in R.C. 2950.09(B)(2)(a), (b), (c), (h), and (i).
After reviewing the record in this case, we conclude that the trial court's decision finding appellant to be a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Appellant broke into the victim's apartment, threatened her, raped her twice, and hit her with a hammer, all while the victim's infant child was present. He has a significant criminal history including numerous convictions and/or adjudications that are sexual in nature. We also considered the expert testimony of Dr. Fabian who concluded that there was a great likelihood of recidivism.
Based upon the foregoing analysis, the trial court's decision was supported by clear and convincing evidence. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that he was denied effective assistance of counsel during the course of his sexual predator determination. Specifically, appellant now contends that his attorney at the sexual predator hearing failed to inquire into the reliability or validity of the scientific tests relied upon by Dr. Fabian. Nor did his counsel object when the trial court allowed Dr. Fabian to testify as to the results of those tests without first establishing their accuracy.
In determining ineffective assistance of counsel, Ohio has adopted the analysis developed by the United States Supreme Court in Strickland v.Washington (1984), 466 U.S. 668. See State v. Bradley (1989)42 Ohio St.3d 136, paragraph two of the syllabus. The burden is on the defendant to prove that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland at 687. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley at paragraph three of the syllabus.
Additionally, the United States Supreme Court stated:
 "A court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" (Citation omitted.) Strickland at 689.
 In light of these guidelines, we must conclude that appellant has failed to establish ineffective assistance of counsel. To begin with, there was testimony given by Dr. Fabian regarding the validity and/or reliability of the tests that were administered to appellant. Additionally, appellant has not even suggested how the tests in question may not have been valid or reliable. Hence, in all likelihood, if appellant's counsel had challenged the admissibility of the test results at the hearing, additional evidence could have been provided by the state. In other words, appellant has failed to establish the second prong of the Strickland test; namely, that there exists a reasonable probability that the outcome of the hearing would have been different but for counsel's deficiency.
Accordingly, appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ________________________________________ WILLIAM M. O'NEILL, PRESIDING JUDGE
FORD, J., GRENDELL, J., concur.